MIDDLE DISTRICT OF FLORIDA
IN THE UNITED STATES DISTRICT COURT
ORLANDO DIVISION

KATIE ROMANO;

    Plaintiff,                               CASE NO.
vs.

JP MORGAN BANK N.A.;
ANDREU, PALMA, LAVIN & SOLIS, PLLC

    Defendants.
_____/

## **COMPLAINT**

Plaintiff sues the Defendants as follows:

1. Plaintiff has standing to bring suit as a consumer/borrower under 15 U.S.C. §1692 a(3), Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1640 *et seq*, Truth in Lending Act [TILA] and the Florida Consumer Protection Practices Act, Fla. Stat. §§ 559.55 (8) on her Credit Account at issue obtained "primarily for personal, family, or household purposes" U.S.C. §1692 a(5).

2. JP MORGAN is an alleged secondary owner of the Account at issue.

3. Andreu [APLS] is a law firm, with its principal place of business in Florida, defined as a debt collector under 15 U.S.C. §1692 a (6)

4. Per 28 U.S.C. § 1331, jurisdiction exists per 15 U.S.C. §§1692 (k) and Fla. Consumer Collection Practices Act [FCCP]. Fla. Stat. §§ 559.00 *et seq*.

1

5. Supplemental jurisdiction exists over all claims under § 1367.

6. Venue is proper per §1391 (b) and (d) as Defendants conduct business here where the acts and omissions at issue occurred.

**Facts as to the Accounts and Actions**

7. On 03/02/23, 03/28/23 and 03/30/23, JP filed several actions through APLS, in Seminole, by Complaints to enforce Accounts as to Plaintiff, as follows:

(a) 2023SC001016: alleged balance on Loan 1564 of "$4,693.37"

(b) 2023SC001381: alleged balance on Loan 9201 of "$5,561.00."

(c) 2023CC001659: alleged balance on Loan 7368 of "$35,199.26

[See each Complaint ¶¶ 7]

8. The Complaints state they are actions within the "jurisdictional limits" of the County Court [Complaints ¶¶ 1].

9. The Complaints state that "Chase Bank merged with and into JP Morgan effective May 18, 2019" [Complaints ¶¶ 4].

10. The Complaints allege Plaintiff "applied for and received credit account[s]" that are "owned and administered by" JP Morgan and that Plaintiff "used and authorized the use of the Accounts." [Complaints ¶¶ 5].

11. The Complaints allege Plaintiff "failed to made periodic payments as required" and the Accounts were "charged off" and their "entire balance is owed" to JP Morgan and are "presently due and payable in full." [Complaints ¶¶ 6].

12. The Complaints allege the above balances on the Accounts including "applicable payments, credits, charges, fees and interest as per the underlying agreement[s]" [Complaints ¶¶ 7].

13. The Complaints claim that the Defendants complied with "federal regulations" and provided "monthly periodic statements" to Plaintiff "prior to charge off" and based upon the "records" of JP Morgan "there are no unresolved billing disputes related to the Account[s]" [Complaints ¶¶ 8].

14. The Complaints allege that "through its undersigned attorney" [ALPS] JP Morgan "demanded payment" from Plaintiff who "has not satisfied such demand" [Complaints ¶¶ 9].

15. The Complaints each that allege that Plaintiff's "use of the credit account[s]..represented a periodic account" for which JP Morgan "generated monthly statements" and that by "submitting payments and/or incurring additional charges in response to the statements" Plaintiff "acknowledged the consumer and/or business transactions between the parties" [Complaints ¶¶ 10-11].

16. The Complaints allege "there are no unresolved billing disputes made in response to receiving the statements and, therefore" Plaintiff "agreed to the resulting balance including any fees and interest incurred" [Complaints ¶¶ 12].

17. The Complaints each cite **_Farley v. Chase Bank_**, 37 So. 3d 936 (Fla. 4th DCA 2010) in which that debtor issued a written letter "acknowledging her obligation to the bank" namely the account being sued upon. No such letter was provided by the parties in the Actions as to the Accounts as shown here.

18. The Complaints allege Plaintiff "is liable for the Account balance[s"] and JP Morgan "seeks judgment for such sum[s]" [Complaints ¶¶ 13].

19. The Complaints state that "this Communication is from a Debt Collector and is an attempt to collect a debt. Any information will be used for that purpose" [Complaints pp. 2]

20. The Complaints each contain alleged billing statements, attached as Exhibit A for the respective accounts, which lack any language or instructions on how Plaintiff may dispute them as a matter of law.

## The 1016 Action

21. On 04/07/23, Plaintiff filed her Motion to Dismiss the 1016 Action raising defenses as with the instant claims, lack of written agrement and lack of standing for Defendants to enforce that Account, to which they filed a boilerplate response on 06/05/23, failing to respond to the Motion's allegations of fact or law.

22. On 04/10/23, Plaintiff served her answer, defenses and jury demand in the 1016 Action, again raising the above defenses.

23. On 04/26/23, Plaintiff served discovery in the 1016 Action upon Defendants, including requests for admissions asking them to admit that (a) they lack standing to bring this action, (b) there is factual or legal basis for subject matter jurisdiction or for claims, or any motions filed by them, (c) to admit all facts in Plaintiff's motion to dismiss of 04/07/23, (d) their lack of factual or legal basis to dispute any motion filed by Plaintiff in the Action, for which she is not liable, (e) who are liable for Plaintiff's fees and costs for at least $5,000.00 and (f) the alleged agreement at issue does not comply with federal law or Florida law, as alleged further below [See Requests to Admit 1-32]

24. The above discovery was evidenced by a certificate of service in the 1016 Action on 04/27/23.

25. On 05/3/23, Defendants moved for an extension to respond to Plaintiff's discovery in the 1016 Action, which was not granted by that court.

26. On 05/18/23, Defendants filed a motion for summary disposition of the 1016 Action, contending that "there are no genuine issues of material facts" and JP Morgan is entitled to judgment "as a matter of law based upon the pleadings filed herein" and "all material factual allegations" of the Complaint are "true and correct" which states a claim for "account stated" and that JP Morgan "opened an account" and "issued an extension of credit" (the "Account") to Defendant" and

there are no "unresolved disputes or issues on the Account" which is "indisputably established by the record" which failed to address the Answer and Defenses and that JP Morgan is entitled to "summary disposition" of the 1016 Action based upon this "undisputed evidence" against Defendant [Motion, ¶¶ 11-10]

27. This 1016 Motion references an improper "notice of filing" a baseless "Affidavit of Facts" by the "Original Creditor" which restates the allegations of the Complaint and still lacks a signed and enforceable agrement for this Account or any evidence that the Account was properly assigned to and held by Plaintiff which it had standing to enforce [Affidavit ¶¶ 1-7]

28. The 1016 Motion lacks an agreement signed by Plaintiff and JP Morgan and fails to evidence JP Morgan's alleged standing in the 1016 Action.

29. On 05/24/23, Defendants moved for a protective order in the 1016 Action ending in 1016 to preclude their answers to their answers to Plaintiff's Requests for Admissions which was also not granted by that court.

30. On 05/24-5/25/23, Defendants responded to Plaintiff's Requests for Production and Interrogatories in the 1016 Action with boilerplate objections.

### Common Issues with the Actions

31. Defendant's documents in the Actions lacks agreements for the Accounts under Fla. Stat. 687.0304, in writing, expressing consideration, setting forth their relevant terms and conditions, *signed by the creditor and the debtor.*

32. There is no such agreement as to the Accounts.

33. The documents in the Actions omits assignments of the Accounts evidencing the standing of Defendants to pursue the Actions against Plaintiff.

34. The documents in the Actions omits notice of the alleged assignment of the Accounts required by Fla. Stat. §559.715.

35. No attorney made a meaningful review of the Complaints or the other documents in the Actions on the Accounts detailed here on information and belief.

36. It appears that Defendants' processes are AI-driven for the purposes of profit, akin to a conveyor belt, without meaningful legal review.

37. Meaningful review of the Complaints and other documents in the Actions would have discovered they are replete with legal errors and omissions.

38. The Complaint and other documents in the Actions are "communications" as defined by and are subject to the FDCPA and FCCPA.

39. These same issues existed in Case No. 6:17-cv-01834 which was settled by APLS out of court for which they offered no justification.

40. Defendants knew of these issues whose counsel was served with the Motions, Answers and Discovery of Plaintiff in the Actions at that time which they blatantly and deliberately disregarded.

41. None of the documents filed by Defendants in the Action regarding the Account states they may be disputed by the Plaintiff.

42. All conditions precedent to suit to occurred, are fulfilled, or waived, or their occurrence or fulfillment was unnecessary or futile.

## COUNT I: FDCPA AGAINST DEFENDANTS

43. ¶¶ 1-42 are incorporated.

44. Defendant APLS misrepresented the right of JP Morgan collect on the Accounts in the Actions in those documents referenced above.

45. The Accounts do not comply with Fla. Stat. § 687.0304, which provides a creditor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor as Defendants admitted.

46. The Account Agreements do not mention a specific amount for their maximum credit limits under 15 U.S.C. § 1637(a).

47. Defendants failed provide any evidence of their standing to enforce the Accounts under the Agreements which are otherwise illegal and unenforceable.

48. The Complaints also omits any notice of the alleged assignment of the Accounts required by Fla. Stat. §559.715.

49. The documents in the Actions are intended by Defendants for the purpose of illegally enforcing and collecting the Accounts per its false statements of their "default" to Plaintiff. 15 U.S.C. §§ 1692e (2) (a)

50. Defendants' invalid documents in the Actions are "false, deceptive, or misleading representation" to collect the unenforceable Accounts under 15 U.S.C. §§ 1692e (10), violated § 1692f and were an "unfair or unconscionable means to collect or attempt to collect" the Accounts under 15 U.S.C. §§ 1692f.

51. Defendants used unfair and unconscionable means to collect the Accounts from Plaintiff by (a) illegally seeking to hold her liable for the Accounts' alleged balances and (b) without any evidence of standing.

52. Defendants' false statements and illegal conduct in the Actions "threaten to take action that cannot legally be taken or that is not intended to be taken" particularly as the Actions could not be brought. 15 U.S.C. §§ 1692e (5)

53. Defendants misrepresented material facts to Plaintiff, of the character, status and amount of her alleged debt on the Accounts. 15 U.S.C. §§ 1692e (2) (a)

54. Defendants repeatedly damaged Plaintiff by these abusive, illegal acts and omissions in violation of the FDCPA as to their illegal enforcement of the Accounts as to her, who suffered harm including emotional distress and trauma.

55. Defendants are liable to Plaintiff for their misconduct per 15 U.S.C. § 1692 (k) for her actual, compensatory, consequential, nominal and punitive damages, fees and costs, for which she demands judgment with just relief such an injunction to bar future violations including in the Actions on the invalid Accounts, which should be enjoined from enforcement and declared invalid.

## COUNT II: FCCPA AGAINST DEFENDANTS

56. ¶¶ 1-42 are incorporated.

57. Defendants are subject to the Florida Consumer Collection Practices Act [FCCPA] Fla. Stat. §§ 559.00 *et seq*.

58. Defendants misrepresented their right to collect the Accounts in the Actions in the invalid Complaints and other documents above.

59. The Agreements do not comply with Fla. Stat. § 687.0304, which provides a creditor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor as Defendants admitted.

60. The Agreements lacks mention of a specific amount for their maximum credit limit under 15 U.S.C. § 1637(a)

61. The Agreements are illegal and unenforceable in the Actions.

62. The false documents of Defendants in the Actions violate Fla. Stat. §§

559.72 (9) which attempt to collect the unenforceable Accounts from Plaintiff

49. Defendants failed to provide evidence of standing to enforce the Accounts in the Actions in violation of Fla. Stat. §§ 559 (18).

50. Defendants are liable for these FCCPA violations who misrepresented material facts to Plaintiff, namely her alleged debt on the Accounts.

51. Defendants repeatedly damaged Plaintiff by their abusive, illegal acts and omissions in violation of the FCCPA as to their illegal enforcement of the Accounts as to her, who suffered harm including emotional distress and trauma.

52. Defendants are liable to Plaintiff for their misconduct for Plaintiff's actual compensatory, consequential, nominal and punitive damages, fees and costs under Fla. Stat. §§ 559.77 (2) for which Plaintiff demands judgment and all just relief, including an injunction barring them from such violations in the Actions.

### COUNT III: CONSPIRACY AS TO DEFENDANTS

53. ¶¶ 1-42 are incorporated.

54. Defendants had a conspiracy, a malicious combined common design to harm Plaintiff by their unlawful acts and omissions in the Actions.

55. Defendants committed overt acts to further the conspiracy, engaging in their illegal actions to enforce the Accounts in the Actions and hold Plaintiff in default of the debts and effect their misconduct to harm her and they are liable.

56. The misconduct of Defendants was intentional, willful, wanton, malicious and oppressive, reckless and wanting in care, grossly negligent and consciously indifferent to its results, which they ratified for this unlawful purpose.

57. Plaintiff sustained physical and mental pain and suffering as a proximate or direct result of this conspiracy of the Defendants against whom Plaintiff demands judgment for compensatory, consequential, special, nominal and punitive damages for this gross and willful misconduct, costs and just relief.

Respectfully submitted this 25th day of July 2023.

By: */s/Paul G. Wersant*
Paul G. Wersant
FL Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff